IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 24-cv-02628-NYW

WILLIAM ELLIOTT MARIGNY JR.,

    Applicant,

v.

J. F. WILLIAMS,

    Respondent.

---

### ORDER DENYING APPLICATION FOR WRIT OF HABEAS CORPUS

---

Applicant, William Elliott Marigny, Jr. ("Applicant" or "Mr. Marigny"), has filed pro se an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Application") [Doc. 1]. Mr. Marigny claims Respondent has failed to properly calculate time credits to which he is entitled under the First Step Act ("FSA"). *See* [*id.* at 2]. For the following reasons, the Application is **DENIED**, and this action is **DISMISSED with prejudice**.

### BACKGROUND

Mr. Marigny is a prisoner in the custody of the Federal Bureau of Prisons ("BOP"). [*Id*. at 1–2]. According to BOP records attached to Respondent's Response to Order to Show Cause, on April 1, 2022, the United States District Court for the Northern District of California sentenced Mr. Marigny to 144 months in prison. [Doc. 13-1 at 12–13]. Following his conviction, Mr. Marigny was taken to "the Alameda County Sheriff's Office

1

where the [United States Marshal Service] lodged a detainer against him." [*Id.* at 13]. Then on April 14, 2022, the United States Marshal Service "formally t[ook]" Mr. Marigny into custody even though he remained housed at the Alameda County Jail. [*Id.*]. On April 29, 2022, Mr. Marigny was "transferred to JPATS, the Justice Prisoner and Alien Transportation System tasked with effectuating the transfer of inmates to their designated institutions." [*Id.*]. BOP records reflect that during the time Mr. Marigny was in transit at an unknown location, he "was not able to participate in BOP [productive activities ("PAs")] or [evidence-based recidivism reduction ("EBRR")] programming as no applicable programming is offered by non-BOP facilities." [*Id.*].

On June 16, 2022, Mr. Marigny arrived at the FCI Safford, a BOP facility, and then on August 11, 2023, Mr. Marigny was transferred to FCI Englewood, where he is currently housed. [*Id.* at 14]. According to the BOP, on October 13, 2022, Mr. Marigny began participating in his first EBRR programming and PAs. [*Id.*]. He has successfully completed 11 EBRR programs and PAs. [*Id.*]. The BOP determined Mr. Marigny's earning status for FSA credits was June 16, 2022, the date he arrived at his initial designated facility. [*Id.*]. On November 21, 2022, the BOP completed Mr. Marigny's individual needs assessment and initial classification, identifying appropriate EBRR programs and PAs for his criminogenic needs. [*Id.*]. Although his first risk and needs assessment was not completed until November 21, 2022, the BOP backdated Mr. Marigny's earning status to June 16, 2022, so that he became eligible to earn FSA credits on the date he arrived at FCI Safford. [*Id.*]. Thus, the relevant time period at issue in this case is April 1, 2022 (Mr. Marigny's sentencing date) until June 16, 2022 (the date Mr. Marigny arrived at his initial designated BOP facility). *See* [Doc. 1 at 2, 4].

In the Application, Mr. Marigny contends that he began serving his federal sentence on April 1, 2022, and started earning FSA time credits from that date. [*Id.* at 5–7]. Thus, he alleges that he has earned time credits under the FSA beginning on April 1, 2022 and continuing through June 16, 2022, based on his participation in EBRR and PAs. [*Id.*]. As relief, Mr. Marigny seeks an order directing the BOP to calculate and credit him with the FSA time credits earned from April 1, 2022 through June 16, 2022 ("the relevant time period"). [*Id.* at 4].

Respondent's counterarguments are set out in the Response to Order to Show Cause. [Doc. 13]. In the Response, Respondent first argues Mr. Marigny did not participate in any EBRR programs or PAs during the relevant time period, thus, his Application should be denied. [*Id.* at 7–8]. Respondent also argues that, even if Mr. Marigny had completed qualifying programming during the relevant time period, he was ineligible to earn FSA credits prior to arriving at his initial designated facility. [*Id.* at 8–11].

Mr. Marigny addresses these arguments in his Response to Show Cause, [Doc. 15], which the Court construes as a Reply. Mr. Marigny asserts that he was "participating in EBRR and PA's" while housed in the Alameda County Jail and the Parump Nevada Southern Detention Center. [Doc. 15 at 1]. As support for his arguments in his Reply, Mr. Marigny attaches a "Letter of Appreciation," dated November 5, 2021, thanking him for his help "assembling furniture for the Bay Area Furniture Bank." [*Id.* at 3]. Mr. Marigny also attaches to his Reply, a certificate for completing a "ServSafe" examination on December 2, 2021, a certificate for completing a "Kitchen Basics" course on December 9, 2021, and a certificate for completing a Bible study course on December 16, 2021. [*Id.* at 4–6]. Mr. Marigny also generally argues that he became eligible to earn time credits

3

under the FSA on the date his sentence commenced in accordance with 18 U.S.C. § 3585(a). [*Id.* at 1–2]. Accordingly, Mr. Marigny requests the BOP award him "FSA earned time credits" from "April 1, 2022 until June 16, 2022." [Doc. 1 at 4].

## LEGAL STANDARDS

The Court must construe the Application and other papers filed by Mr. Marigny liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 21 (1972) (per curiam); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court cannot act as an advocate for a pro se litigant. *See Hall*, 935 F.2d at 1110.

An application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). Habeas corpus relief is warranted only if Mr. Marigny "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Mr. Marigny bears the burden of establishing that he is entitled to relief under § 2241. *See Nunez v. Carter*, No. 22-cv-01261-CNS, 2022 WL 17416658, at *1 (D. Colo. Dec. 5, 2022) (collecting cases); *Bradin v. U.S. Probation & Pretrial Servs.*, No. 22-cv-3032-JWL, 2022 WL 1154622, at *3 (D. Kan. Apr. 19, 2022) (collecting cases).

## ANALYSIS

The FSA provides in relevant part that an eligible prisoner "who successfully completes evidence-based recidivism reduction programming or productive activities, shall earn time credits" that "shall be applied toward time in prerelease custody or supervised release." 18 U.S.C. § 3632(d)(4)(A), (C). To administer time credits under

the FSA, the BOP must (1) determine each inmate's risk of recidivism and categorize the risk as minimum, low, medium, or high; (2) assess and determine each inmate's risk of violent or serious misconduct; (3) determine the type and amount of EBRR programming that is appropriate for each inmate; (4) periodically reassess each inmate's risk of recidivism; (5) reassign the inmate to appropriate EBRR programs and PAs based on the reassessment; (6) determine when to provide incentives and rewards for successful participation in EBRR programs and PAs; and (7) determine when the inmate is ready for transfer to pre-release custody or supervised release.  See 18 U.S.C. § 3632(a)(1)–(7).

An eligible inmate "shall earn 10 days of time credits for every 30 days of successful participation in [EBRR] programming or [PAs]."  18 U.S.C. § 3632(d)(4)(A)(i). An inmate "shall earn an additional 5 days of time credits for every 30 days of successful participation in [EBRR] programming or [PAs]" if the BOP determines the inmate is "at a minimum or low risk for recidivating" and "has not increased their risk of recidivism" over "2 consecutive assessments."  18 U.S.C. § 3632(d)(4)(A)(ii).  Thus, the plain text of § 3632 is clear that "a prisoner earns FSA credits based on the days in which he actively participates in eligible programs."  *Jobin v. Warden, FCI-Mendota*, No. 1:23-cv-01700-WBS-SKO (HC) , 2024 WL 1367902, at *5 (E.D. Cal. Apr. 1, 2024), *recommendation adopted*, 2024 WL 2786898 (E.D. Cal. May 30, 2025); *see also Henny v. Segal*, No. 23-cv-00448-DSD-DLM, 2024 WL 4980951, at *4 (D. Minn. Oct. 28, 2024) ("The FSA's language concerning the binary nature of accruals for participation in programs and activities is not ambiguous—the [time credits] switch is either flipped on because a person is participating[,] . . . or the switch is flipped off because a person is not participating in

any programs or activities."), *recommendation adopted*, 2024 WL 4979659 (D. Minn. Dec. 4, 2024).

Here, the record before the Court reflects that following Mr. Marigny's sentencing on April 1, 2022, and until his arrival at his designated facility, FCI Safford, on June 22, 2022, he did not participate in any qualifying EBRR programming or PAs. Mr. Marigny has provided very little information and no evidence concerning the alleged PAs for which he seeks FSA credits. Rather, Mr. Marigny provides only vague and conclusory allegations that he "worked productively," and participated in church programming and classes. [Doc. 1 at 7; Doc. 15 at 1]. And Respondent has provided evidence that it has no record that Mr. Marigny participated in approved EBRR programming or PAs prior to October 13, 2022. [Doc. 13-1 at 67]. Indeed, Mr. Marigny's Application appears to concede that he did not participate in any qualifying programming during the relevant time period, because he argues that unspecified BOP policies entitle him to credit for any period in which he was "able and willing to complete programming." [Doc. 1 at 6–7]. But the relevant BOP regulation provides that an inmate "may earn FSA Time Credit if he or she is successfully participating in EBRR programs or PAs that the Bureau has recommended based on the inmate's individualized risk and needs assessment." 28 C.F.R. § 523.42(b)(3). Put differently, "[b]oth the regulation and the statute require an inmate to participate in qualifying programming or activities to earn [FSA] time credits." *Solberg v. Eischen*, No. 23-cv-03568-ECT-DTS, 2024 WL 3251713, at *2 (D. Minn. May 7, 2024) (concluding that inmate was not entitled to FSA time credits for period before his arrival at designated BOP facility, because there was "no evidence in the record that [he] successfully completed qualifying programs or activities before arriving [at the facility]),

6

*recommendation adopted*, 2024 WL 3086630 (D. Minn. June 21, 2024). Mr. Marigny has failed to demonstrate that he participated in qualifying activities during the relevant time period.

Finally, the Court notes that Mr. Marigny has attached several documents to his Reply indicating he completed furniture assembly activities, food service programs, and a Bible study course in 2021. *See* [Doc. 15]. But these activities occurred well before the relevant time frame beginning on April 1, 2022. Even if these activities were approved for credit and occurred in the relevant time period, Mr. Marigny has not provided any details or evidence from which a calculation of credit could be made. Accordingly, Mr. Marigny has failed to show that he has been wrongfully denied FSA credit for successful completion of approved EBRR programming or PAs from April 1, 2022 until June 22, 2022. *See Stevens v. Jacquez*, No. 3:23-cv-01482-AA, 2024 WL 3200546, at *5 (D. Or. June 25, 2024) (denying habeas application when applicant failed to present evidence that he had successfully participated in programming to justify credit). Because Mr. Marigny fails to meet his burden to establish that he is entitled to relief under 28 U.S.C. § 2241, the Application is respectfully **DENIED**.[1]

## CONCLUSION

For the reasons stated herein, it is **ORDERED** that:

---

[1] In light of the Court's determination that Mr. Marigny did not participate in any qualifying EBRR programming or PAs during the relevant time period, the Court need not address Respondent's alternative argument that even if Mr. Marigny had participated in EBRRs or PAs, he would not have been eligible to earn such credits before arriving at his designated facility. [Doc. 13 at 8–11].

(1) The Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**;

(2) The Clerk of Court is **DIRECTED** to terminate this case; and

(3) The Clerk of Court is **DIRECTED** to mail a copy of this order to:

William Elliott Marigny
#26306-111
Englewood Federal Correctional Institution
Inmate Mail/Parcels
9595 West Quincy Avenue
Littleton, CO 80123

DATED: October 24, 2025

BY THE COURT:

Nina Y. Wang
United States District Judge

8